1
2
3
4
5
6
7
8
9           IN THE UNITED STATES DISTRICT COURT FOR THE
10                   EASTERN DISTRICT OF CALIFORNIA
11
12  UNITED STATES OF AMERICA,    )   CR. F. NO. 06-00360 LJO
                                 )
13                 Plaintiff,    )
                                 )
14        v.                     )
                                 )   ORDER REGARDING PRESENTENCE
15                               )   STUDY AND REPORT UNDER 18
                                 )   U.S.C. § 2252(b)
16  JORGE ALBERTO TOVAR,         )
                                 )
17                               )
                   Defendant.    )
18  _____)
19
20
21
22                              **ORDER**
23      The Court has received a Presentence Report and
24  Investigation dated June 29, 2007, which contains a
25  recommendation for a sentence of imprisonment of 78 months to be
26  followed by a term of supervised release of 120 months.  This
27  recommendation is consistent with the agreement of the defendant
28
                                   1

and the government following his plea of guilty to Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

On August 3, 2007, the date set for sentencing, defense counsel indicated a concern about the defendant's "competence" to proceed with the sentencing. The Court granted a continuance in order for defense counsel to explore this issue. Ultimately defense counsel submitted additional information and asked that the Court consider it in imposing a sentence in this case. The submitted material does not specifically address the defendant's "competence" to proceed to sentencing. The Court has not yet accepted the plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. In response, the government has requested that the Court entertain an independent study of the defendant's mental competence and any issues related to his mental functioning that might affect the Court's decision to accept the plea agreement and/or its exercise of discretion in sentencing the defendant.

The defendant has been detained since May 25, 2007. The Court believes that there is a compelling reason for the Bureau of Prisons to do this study, because the agency is in a unique position to evaluate this defendant's mental competence and any issues related to it which might arise during his incarceration in federal prison. No person in the local community can address what issues, if any, a defendant such as this might encounter while detained within Bureau of Prisons custody as well as the factors articulated at 18 U.S.C. § 3553(a).

Accordingly, the Court hereby ORDERS the Bureau of Prisons to evaluate the defendant's mental competence and address any factors that the Bureau of Prisons, or contracted professional consultants, believes are pertinent for sentencing under 18 U.S.C. § 3553(a). The Court directs that the Bureau of Prisons, or contracted professional consultants, provide the Court with a written report of the pertinent results of the study and make to the Court whatever recommendations the Bureau or the consultants believe will be helpful to a proper resolution of the case. This report shall include recommendations of the Bureau or the consultants concerning the U.S. Sentencing Guidelines and Policy Statements promulgated by the U.S. Sentencing Commission that are believed to be applicable to the defendant's case.

Copies of the plea agreement, Presentence Report (dated 6/29/07), parts of the government's discovery referenced in the Presentence Report, and the Revised Presentence Report (dated 11/30/07) are enclosed.

The sentencing for this case has been recessed until May 2, 2008, at 8:30 a.m.

IT IS SO ORDERED.

**Dated:   February 25, 2008**           /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE