

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ALBERTO TOVAR,<br><br>Defendant. | No. 1:06-CR-00360 LJO<br><br>ORDER DIRECTING CLERK TO FILE EMAIL COMMUNICATION RE SPECIAL CONDITION OF PROBATION |

On March 2, 2016, the Court directed the government to submit legal authority, via email, in the interest of expeditious resolution of the issue then pending before the Court. Attached to this order is the email correspondence. Defendant does not object to the filing. Accordingly, the clerk is directed to file the attached documents.

DATED: March 4, 2016

BARBARA A. McAULIFFE
UNITED STATES MAGISTRATE JUDGE

1

 US v. Tovar (1:06-cr-360 LJO) - Analysis of Special Condition Underlying 12C Petition
Enos, Brian (USACAE)
to:
BMcAuliffe@caed.uscourts.gov
03/03/2016 07:46 AM
Cc:
"Jose_Pulido@caep.uscourts.gov", "Victor Chavez", "Eric Kersten (Eric_Kersten@fd.org)", "HHerman@caed.uscourts.gov"
Hide Details
From: "Enos, Brian (USACAE)" <Brian.Enos@usdoj.gov>
To: "BMcAuliffe@caed.uscourts.gov" <BMcAuliffe@caed.uscourts.gov>
Cc: "Jose_Pulido@caep.uscourts.gov" <Jose_Pulido@caep.uscourts.gov>, "Victor Chavez" <Victor_Chavez@fd.org>, "Eric Kersten (Eric_Kersten@fd.org)" <Eric_Kersten@fd.org>, "HHerman@caed.uscourts.gov" <HHerman@caed.uscourts.gov>

2 Attachments

 
gnirke.rtf   clark.rtf

Judge McAuliffe,

The government submits the below analysis pursuant to yesterday's initial appearance on US Probation's 12C petition. As stated in the petition itself, the condition upon which the US Probation's violation was based reads as follows:

"The defendant shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2252(b) [*sic* – the proper citation is 2256(2)] means actual or simulated sexual intercourse, including genital-genial, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person..."

In short, prior to ruling on detention yesterday afternoon, the court asked the government to comment on the extent the above condition was legally viable. I responded that (1) I was aware of its being challenged by the defense bar in several appellate briefs of late submitted to the Ninth Circuit, (2) I had briefed this issue in appeals in which I was involved, and (3) I recalled at least two cases, Clark and Gnirke, wherein the Ninth Circuit had indeed modified it since the above condition was imposed on Mr. Tovar when he was sentenced. The 12C petition indicates that this was in July 2008. What I could not recall with precision, however, was the extent these cases specifically addressed the conduct alleged in the 12C petition, or only other aspects regarding the scope of the underlying condition.

The court then continued the detention hearing to this Friday, March 4 (1:30 pm), and asked me to provide a legal analysis of the above cases prior that time. This note responds to the court's request. I attach copies of each case, below.

1. **United States v. Clark, 539 Fed.Appx.724 (9th Cir. 2013) –**
   Clark addressed a defense challenge to the same condition as that set forth above on overbreadth grounds. Although the court indeed found the condition as drafted to be "overbroad", it limited its concerns to where a defendant could "frequent" while on supervised release. Specifically, in footnote 1 of this unpublished decision, Judge Graber stated that the constitutional overbreadth could be cured by narrowing the phrase "frequent places with material depicting or describing sexually explicit conduct" to "frequent any place **whose primary purpose is to sell, rent, show, display, or giver other forms of access to,** material depicting sexually explicit conduct...". Clark, 539 Fed.Appx. 724, *4, at fn 1. Accordingly, Clark addressed and narrowed a separate component of the above condition.

2. **United States v. Gnirke, 775 F.3d 1155 (9th Cir. 2015) –**
   Gnirke addressed, among other things, defendant's challenge to a special condition of release that provided that he "not possess any sexually explicit material involving children and/or adults, as defined by 18 USC 2256(2)." Pursuant to a detailed discussion of this issue, the court found that, *while prohibiting access to adult pornography is proper*, restricting Gnirke's access to "all depictions of adult sexual conduct" defined within the scope of 2256(2) indeed infringed on more of his liberty than reasonably necessary to accomplish the goals of supervised release. Gnirke, 775 F.3d at 1163. The Court reasoned that, if the court were to literally apply the condition as originally drafted, then the language of the condition would prevent Gnirke from viewing "Oscar-winning films like *American Beauty* and *Brokeback Mountain*, television shows like *The Wire*, or sexually explicit works of art that appear in museums; yet such non-pornographic materials receive full protection under the First Amendment." Gnirke, 755 F.3d at 1165 (citing Reno v. ACLU, 521 US 844 (1997)).

   While acknowledging the difficulties attendant to defining "adult pornography" with precision, the Ninth Circuit construed the above condition to properly apply "(1) to any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 USC 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by Gnirke's probation officer." Under this construction, the Ninth Circuit found that this condition passed constitutional muster with respect to what a defendant can and cannot access with respect to adults.

In light of the above, the Ninth Circuit concludes that US Probation can restrict a supervisee from possessing adult pornography, but the scope of the term "adult pornography" (a term the Ninth Circuit acknowledges to be "difficult [to define] with precision) is nevertheless narrower than "sexually explicit conduct" defined by 2256 (2). The Ninth Circuit states that the Black's Law Dictionary definition of this term, "the explicit description or exhibition of sexual subjects or activity in literature, films, etc., intended to stimulate erotic rather than aesthetic or emotional feelings", coincides with the "common understanding of the term" and indeed accepted it as proper. Gnirke, 755 F.3d at 1167.

The government therefore anticipates arguing that a further status should be scheduled, so probation can show defense counsel what it found in Mr. Tovar's possession in a manner in accord with the Adam Walsh Act. This way, all parties involved can assess what Mr. Tovar possessed in light of applicable Ninth Circuit authority.

The government also recommends that the special condition, above, be modified (through a 12B petition or otherwise) as set forth below so that it complies with Clark and Gnirke:

"**The defendant shall not possess, own, use, view, read (1) any materials with depictions of 'sexually explicit conduct' involving children, as defined by 18 USC 2256(2), and (2) to any materials with depictions of 'sexually explicit conduct' involving adults, defined as sexually stimulating depictions of adult sexual conduct that are deemed inappropriate by his probation officer *[from Gnirke]* or frequent any place whose primary purpose is**

to sell, rent, show, display, or giver other forms of access to, material *[from Clark]* depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct" as defined in 18 USC 2252(b) [*sic* – the proper citation is 2256(2)] means actual or simulated sexual intercourse, including genital-genial, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person..."

Brian W. Enos, Esq.
Assistant United States Attorney
United States Attorney's Office
United States Courthouse
2500 Tulare St., Ste. 4401
Fresno, Ca 93721

work - 559/497-4058
fax    - 559/497-4099